

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-266

| | |
|---|---|
| | **Opinion Delivered** November 5, 2014 |
| G. MASON COZART, LARRY BUTTRAM, and DYNAREPS INVESTMENT GROUP <br> APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION [NO. 60CV-2011-2757] |
| V. | HONORABLE MACKIE M. PIERCE, JUDGE |
| LOUISE LOGUE <br> APPELLEE | AFFIRMED |

## RHONDA K. WOOD, Judge

This appeal arises from appellee Louise Logue's breach-of-contract action against G. Mason Cozart, Dynareps Investment Group, and Larry Buttram. The circuit court directed a verdict in favor of Dynareps and Buttram but denied their motion for attorney fees. A jury ultimately found in favor of Logue in her surviving action against Cozart. On appeal, Cozart contends the following: (1) there was not sufficient evidence to support the jury verdict; (2) there was not sufficient evidence Logue suffered a compensable damage; and (3) the circuit court abused its discretion in awarding Logue attorney's fees. Dynareps and Buttram also appeal the circuit court's denial of their motion for attorney's fees. We affirm on all grounds.

Logue is a financial advisor who directs business to LPL Financial, a national brokerage company, in exchange for a commission. Cozart and Buttram were financial advisors operating under the name Dynareps, which also directed business to LPL. In

SLIP OPINION

February 2010, Logue and Cozart entered into an agreement under which Logue would affiliate with Dynareps, Buttram, and Cozart. Cozart agreed to supervise Logue's work as well as provide other services to her in exchange for a percentage of her commissions. Logue and Cozart then executed a written override agreement which directed LPL to pay 44% of Logue's commissions to Cozart. For the following ten months, LPL paid this portion of Logue's commission to Cozart. However, Logue maintained that Cozart did not fulfill the terms of their agreement. Consequently, she filed suit against Cozart, Buttram, and Dynareps for breach of contract, unjust enrichment, and fraud. The case proceeded to jury trial, and at the close of Logue's case, the circuit court granted Buttram and Dynareps's directed-verdict motion, thus dismissing all Logue's claims against them. The court also dismissed the unjust enrichment and fraud claims against Cozart.

The breach-of-contract claim against Cozart was the only one submitted to the jury. The jury found that Cozart had breached his contract with Logue and awarded damages of $42,647. Logue then requested attorney's fees as the prevailing party against Cozart and was awarded $25,000. Buttram and Dynareps also requested attorney fees as they contended they were the prevailing party against Logue, but the circuit court denied their request.



I. *Sufficiency of the Evidence for Breach of Contract*

Cozart challenges the sufficiency of the evidence to support the jury's verdict. On review, it is not this court's place to try issues of fact; rather, this court simply reviews the record for substantial evidence to support the jury's verdict. *Advanced Envtl. Recycling Techs., Inc. v. Advanced Control Solutions, Inc.*, 372 Ark. 286, 275 S.W.3d 162 (2008). Substantial evidence is that which goes beyond suspicion or conjecture and is sufficient to compel a conclusion one way or the other. *Id*. In determining whether there is substantial evidence, we view the evidence and all reasonable inferences arising therefrom in the light most favorable to the party on whose behalf judgment was entered. *Id*.

Cozart specifically argues that the terms of his agreement with Logue were too vague to constitute an enforceable contract and that there was no evidence of breach. Arkansas law requires that a valid contract have terms that are reasonably certain, and that the terms meet this threshold if they provide a basis for determining the existence of a breach and for giving an appropriate remedy. *City of Dardanelle v. City of Russellville*, 372 Ark. 486, 277 S.W.3d 562 (2008). Despite Cozart's argument to the contrary, the terms of their agreement were specific. Here, Cozart and Logue both testified that their agreement specified that Logue would receive supervision, marketing assistance, office and secretarial support, and investment advice from Cozart in exchange for 44% of her commissions from LPL. Thus, we find that there was

SLIP OPINION

substantial evidence that the terms of the parties' contract were definite as the parties' obligations, including payment terms, were defined clearly in the agreement.

There was also substantial evidence to demonstrate that Cozart breached the contract. There was no dispute that Cozart received the appropriate percentage of Logue's commissions during their affiliation. Cozart admitted that he did not perform several of the promised marketing aspects of the contract, but contended this was because Logue had not dropped her business name and was continuing to operate as Logue Financial. Even so, Logue testified that, despite Cozart receiving her commissions, she was banned from the Dynareps office and that, throughout their agreement, she received very little secretarial or marketing support from Cozart. There was also evidence that Cozart neglected his obligation to provide investment advice. When performance of a duty under a contract is contemplated, nonperformance of that duty is a breach. S*pann v. Lovett & Co.,* 2012 Ark. App. 107, 389 S.W.3d 77. Viewing the testimony and evidence in the light most favorable to Logue, we find that substantial evidence supported the jury's verdict that Cozart breached the contract.

II. *Sufficiency of the Evidence for Compensable Damages*

Cozart also claims that Logue failed to present sufficient evidence that she incurred compensable damages. The standard of review when a jury's award of damages is challenged on appeal is whether there was substantial evidence to support the verdict. *Bank of Eureka Springs v. Evans*, 353 Ark. 438, 109 S.W.3d 672 (2003). The purpose of damages in a contract action is to place the injured party in the same

position she would have been in had the contract been performed. *Hobson v. Entergy Ark.*, 2014 Ark. App. 101, 432 S.W.3d 117. Arkansas law has never required exactness of proof in determining damages, and, if it is reasonably certain that some loss occurred, it is enough that damages can be stated only approximately. *Bank of Am. v. C.D. Smith Motor Co.*, 353 Ark. 228, 106 S.W.3d 425 (2003). The fact that a party can state the amount of damages she suffered only approximately is not a sufficient reason for disallowing damages if, from the approximate estimates, a satisfactory conclusion can be reached. *Id.* When, from the nature of the case, the amount of damages cannot be estimated with certainty, or only a part of them can be estimated, the question should go to the jury. *Spann v. Lovett & Co.*, s*upra.*

At trial, Logue presented evidence that the commissions paid to Cozart pursuant to the override agreement amounted to $85,293.17, the precise amount of damages that Logue brought suit to recover.[1] Cozart contends that the override agreement stated that LPL would retain 44% of Logue's commissions if her contract with Cozart terminated. This is irrelevant because Logue was not seeking damages for commissions paid after the termination of her agreement with Cozart.

---

[1]Cozart argues that Logue relied solely on an improperly admitted exhibit to support her damages claim. This exhibit was a document created by LPL detailing how much Cozart was paid in commission. However, immediately prior to entry of the exhibit, Logue testified on her own accord that Cozart was paid approximately $83,000 of her commissions. Thus, the jury heard independent testimony from Logue concerning the amount of damages.

SLIP OPINION

The jury awarded Logue $42,647 in damages, which was half of the damages she sought and half of the commissions paid to Cozart pursuant to their agreement. Our supreme court has held that a jury determines the credibility of the witnesses and the weight and value of their evidence, and it may believe or disbelieve the testimony of any one or all of the witnesses. *Boellner v. Clinical Study Ctrs., LLC*, 2011 Ark. 83, 378 S.W.3d 745. The jury here awarded damages after hearing extensive testimony. For example, there was testimony that the parties had initially discussed an agreement for Cozart to only provide supervision at a rate of 15% of her commissions, but that she agreed to pay 44% because of the additional services offered. Further, Richard Yada, another LPL financial advisor, testified that he paid Cozart only 22.5% of his commissions in exchange for compliance supervision, office space, being featured on the Dynareps website and brochure, and working under the Dynareps name. It was for the jury to weigh the credibility of the witnesses and consider the evidence and reach a result. Our review is limited to whether there was substantial evidence to support that result when viewing it in the light most favorable to Logue. We find that the jury's award in this case is supported by substantial evidence.

III. *Attorney's Fees*

Finally, Cozart contests the attorney's fees awarded to Logue. He argues that her claim was one of tort and not contract, and so she was not entitled to fees. Additionally, Buttram and Dynareps appeal the denial of their request for fees under Arkansas Code Annotated section 16-22-308. The prevailing party in a breach-of-

contract action may recover reasonable attorney's fees. Ark. Code Ann. § 16-22-308 (Supp. 2013). The decision to award attorney's fees is discretionary and will be reversed only if the appellant can demonstrate that the circuit court abused its discretion. *Harrill & Sutter, PLLC v. Kosin*, 2011 Ark. 51, 378 S.W.3d 135.

Here, Cozart's contention is meritless. The only claim submitted to the jury was for breach of contract, as the tort claims had been dismissed. Therefore, the damages could only have been for the breach-of-contract claim, and Logue was the prevailing party on that claim. Thus, the award of attorney's fees to Logue was allowable under the statute and within the discretion of the circuit court.

Buttram and Dynareps contend they were also prevailing parties and thus entitled to attorney's fees. Even if they are correct in their contention that they were prevailing parties, the question of an award of attorney's fees remains in the sound discretion of the circuit court. They failed to cite any evidence that demonstrated that the court abused its broad discretion. As the award of attorney's fees is discretionary and not mandatory, we cannot say on the record before us that the court abused its discretion in granting Logue attorney fees nor in denying of attorney's fees to Buttram and Dynareps.

Affirmed.

GLOVER and VAUGHT, JJ., agree.

*Stanley D. Rauls*, for appellant.

*Rose Law Firm*, by: *Amanda Wofford* and *Haley Heath Burks*, for appellee.